CLAY, Circuit Judge,
concurring in part and concurring in the judgment.
I concur in much of the majority’s opinion and in the judgment because I find, as does the majority, that the outcome of this case is largely controlled by our recent decision in United States v. Gamble, 709 F.3d 541 (6th Cir.2013). I write separately, however, to express my dissatisfaction with Gamble’s method for apportioning restitution among defendants convicted of child pornography possession offenses.
Admittedly, these cases pose significant challenges. Courts must attempt to determine whether and to what extent possessors of child pornography are financially responsible for the harm suffered by the victims of these horrific crimes. We are called upon to apply traditional principles of restitution to a crime that has no obvious analogue—a crime whereby individual victims are harmed by the ongoing conduct of numerous independent perpetrators. In this unusual context, it is vital that district courts have all available sentencing options at their disposal, including joint and several liability, which Gamble unfortunately rejects.
As an initial matter, Gamble properly concludes that the mandatory victim restitution statute, 18 U.S.C. § 2259, requires the government to prove that a victim’s losses were proximately caused by the defendant’s conduct. Gamble, 709 F.3d at 547 (citing United States v. Evers, 669 F.3d 645, 659 (6th Cir.2012)). To satisfy the requirement of proximate cause, a victim’s losses must be “directly attributable” to and a “reasonably foreseeable” result of the defendant’s conduct. Id. I have no quarrel with that standard, but for all the ink spilled over the issue of proximate cause in these cases, it gets us no closer to a satisfying method of determining what portion of a victim’s losses, if any, should be charged to any individual defendant. See United States v. Burgess, 684 F.3d 445, 462 (4th Cir.2012) (Gregory, J., concurring in part, dissenting in part, and concurring in the judgment) (“The question of whether a defendant proximately caused some injury is entirely separate from the question of how those proximate *377 ly caused losses should be allocated among several offenders.”).
The discussion of proximate cause in Gamble is not terribly helpful because the analysis of causation, both proximate (legal) and but-for (factual), is relatively straightforward once traditional tort-law principles of aggregate causation are employed. Defendants in these cases argue that the diffuse and anonymous nature of their conduct precludes a finding that they were the factual causes of any injuries. The majority properly clarifies that which Gamble left somewhat vague, that even if conduct is insufficient by itself to cause a given harm, liability attaches when the conduct is sufficient to cause the harm when combined with the wrongful conduct of others. See Maj. Op. at 374-75; see also Gamble, 709 F.3d at 556 (Kethledge, J., concurring); Restatement (Third) of Torts: Liability for Physical & Emotional Harm § 27 cmt. f (2010). If the opposite rule were adopted, each defendant would be able to escape restitution even though it is undisputed that the defendants’ collective action caused the victims’ harm.
Once factual causation is established, we next ask whether the victims’ losses were proximately caused by a given defendant’s conduct. The majority properly uses the same theory of aggregate causation to find proximate cause in this ease. Maj. Op. at 374-75; see also United States v. Kearney, 672 F.3d 81, 98 (1st Cir.2012) (“Proximate cause ... exists on the aggregate level, and there is no reason to find it lacking on the individual level.”). Because each possessor of child pornography contributes to the conduct that undisputably causes harm to the victims, that harm is “directly attributable” to the perpetrators and, with a few small exceptions, is “reasonably foreseeable.” Gamble, 709 F.3d at 547; Evers, 669 F.3d at 660 (finding that the “loss of a sex offender, as a babysitter” was not a foreseeable result of a child pornography offense).
After a defendant is found to be both a factual and proximate cause of a victim’s harm, the statute requires an order of restitution for “the full amount of the victim’s losses.” 18 U.S.C. § 2259(b)(1). Under the theory of aggregate causation that both Gamble and the majority endorse, each defendant should be considered to have caused the entirety of the victim’s harm. Yet both favor grafting an apportionment regime onto the proximate cause requirement. Gamble even acknowledges this by stating that the question of apportionment “is in a sense distinct from that of proximate causation, because if the injuries for which Vicky seeks restitution were caused in fact by the defendants, most of the types of damages she seeks are proximate.” Gamble, 709 F.3d at 551. However, in an effort to avoid “unlimited liability for a single action,” Gamble goes on to sanction pa needlessly rigid apportionment scheme and reject the obvious solution of joint and several liability.
As with restitution in other criminal contexts, the statute ■ empowers the district courts to issue and enforce restitution orders in child pornography cases according to the procedures outlined in 18 U.S.C. § 3664. See 18 U.S.C. § 2259(b)(2). Among these procedures is § 3664(h), which states:
If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim’s loss and economic circumstances of each defendant.
Id. § 3664(h). By authorizing joint and several liability or apportionment at the district, court’s discretion, this provision *378 gives the district courts appropriately wide latitude to fashion restitution awards to best effectuate the statute’s purpose of fully compensating victims. As the en banc Fifth Circuit has held, the mechanism of joint and several liability authorized by § 3664(h) “applies well in these circumstances, where victims [of child pornography] are harmed by defendants acting separately who have caused [them] a single harm.” In re Amy Unknown, 701 F.3d 749, 769 (5th Cir.2012).
Several courts have held that the joint and several liability envisioned in § 3664(h) applies only when multiple defendants are sentenced in the same proceeding before the same district court. See United States v. Fast, 709 F.3d 712, 723 n. 6 (8th Cir.2013); United States v. Laraneta, 700 F.3d 983, 992-93 (7th Cir.2012); United States v. Aumais, 656 F.3d 147, 156 (2d Cir.2011); United States v. Monzel, 641 F.3d 528, 539 (D.C.Cir.2011); cf. United States v. McGlown, 380 Fed.Appx. 487, 491 (6th Cir.2010) (finding that § 3664(h) does not apply where non-defendants contributed to a victim’s loss, but declining to address whether defendants must be part of the same case). These cases overread the statute. If a sentencing judge can order each defendant in a multi-defendant case to pay the full amount of a victim’s losses, there is no reason to prohibit the judge from doing the same thing when other defendants were convicted of the same crime in other jurisdictions. See In re Amy Unknown, 701 F.3d at 770 (“[N]othing in § 3664 forbids [joint and several liability], either expressly or through implication; the fact that it conforms well to this context supports its application.”); Fast, 709 F.3d at 727 (Shepherd, J., concurring in part and dissenting in part).
Traditional tort-law principles also counsel in favor of giving district judges the option of joint and several liability in this context. In a typical multi-defendant tort action, an indivisible injury caused by numerous defendants would lead to the imposition of joint and several liability, with the risk that some defendants will be unable to pay borne by the other defendants, not the victim. See Restatement (Third) of Torts: Apportionment of Liability § A18, cmt. a (2000). The historical policy decision to shift the burden of insolvency from tort plaintiffs to defendants 'fits perfectly with the statutory goal of fully compensating victims of child pornography. See S.Rep. No. 103-138, at 56 (1993) (stating that mandatory restitution for victims of sex crimes is designed to create an assumption that defendants will pay the victims’ expenses).
Gamble and other courts have rejected joint and several liability because defendants in these cases are either functionally or legally prohibited from seeking contribution from each other. See Gamble, 709 F.3d at 552; Laraneta, 700 F.3d at 992 (citing Northwest Airlines, Inc. v. Transport Workers Union of America AFL-CIO, 451 U.S. 77, 96-97, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981)). However, even withr out a right of contribution, the statutory scheme contains mechanisms to ensure that defendants are not saddled with unfair or arbitrary restitution awards.
The district courts are given discretion to enforce the awards through all “available and reasonable means,” 18 U.S.C. § 3664(m)(l)(A)(ii), including establishing a payment schedule after considering the defendant’s financial resources, assets, projected future income, and financial obligations, id. § 3664(f)(2). If the defendant’s financial circumstances change, the district court may “adjust the payment schedule, or require immediate payment in full, as the interests of justice require.” Id. § 3664(k). Using information provided *379 either by the victims themselves or the government, district courts would also be able to adjust or halt the payment of restitution once a victim is fully compensated. See Burgess, 684 F.3d at 462 (Gregory, J., concurring in part, dissenting in part, and concurring in the judgment) (<cWhile joint and several liability gives the plaintiff the option of collecting from any defendant she chooses, she may not recover more than her total loss.”).
Joint and several liability may not always be appropriate, but it should be one option available to, the district courts when they order defendants to pay restitution to the victims of child pornography. That option seems especially appropriate in cases such as this, where victims were harmed by the knowledge that people like Defendant were viewing images of their abuse, and their harm is not susceptible to division. However, if the district court were presented with evidence that a given defendant was more or less culpable than other possessors of child pornography, the statute empowers the court to “apportion liability among the defendants to reflect the level of contribution to the victim’s loss.” 18 U.S.C. § 3664(h).
The formula endorsed by Gamble does not give the district courts the freedom to make these individualized inquiries into the facts and circumstances of a particular defendant’s crime. Gamble purports to acknowledge that district courts have “considerable discretion” to fashion appropriate restitution awards, but then proceeds to narrow that discretion by recommending adherence to a rote formula. Gamble, 709 F.3d at 554. Instead, the district courts should be free to impose restitution based on facts that bear on a defendant’s culpability relative to other defendants as well as the nature and extent of the victims’ losses. Judge Kethledge identified a number of these factors in his concurring opinion in Gamble; they include “whether the defendant produced or distributed images of the victim” and “how many images the defendant possessed.” Gamble, 709 F.3d at 557 (Kethledge, J., concurring). If the' district court concludes that it can separate out a victim’s losses and apportion restitution based on factors such as these, it should have the discretion to do so. On the other hand, if the district court finds that the harm done is truly indivisible and cannot be meaningfully apportioned among defendants, it should have the discretion to impose joint and several liability based on the aggregate or cumulative harm suffered by the victim.
To accomplish the difficult task of assigning financial responsibility to possessors of child pornography for the harm caused by their conduct, district judges should have all the tools provided by law at their disposal and should be permitted broad discretion to fashion an appropriate remedy—something that Gamble’s formulaic approach utterly fails to do. Although Gamble suggests that other allocation formulas or procedures for determining restitution may be used, it fails to describe any method other than the one it approves, and it specifically rejects joint and several liability. The district courts should be permitted to apportion a victim’s losses based on individualized determinations, impose joint and several liability, or devise alternative methods for allocating varying degrees of fault among perpetrators. I disagree with Gamble to the extent that it excludes these options and severely circumscribes the district courts’ discretion, but because I acknowledge Gamble’s binding authority, I respectfully concur in the Court’s judgment.